**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Sidney Fields, #254392, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2025-000128

———————

Appeal From The Administrative Law Court
Robert L. Reibold, Administrative Law Judge

———————

Unpublished Opinion No. 2026-UP-397
Submitted July 1, 2026 – Filed August 5, 2026

———————

**AFFIRMED**

———————

Sidney Fields, pro se.

Christina Catoe Bigelow, of the South Carolina
Department of Corrections, of Columbia, for Respondent.

———————

**PER CURIAM:** Sidney Fields, pro se, appeals an order from the Administrative Law Court (ALC) dismissing his appeal of a South Carolina Department of Corrections (SCDC) final determination that he was not entitled to certain wage deductions. On appeal, Fields argues the ALC erred in dismissing his appeal because the settlement at issue did not pertain to his wage deduction case. We affirm pursuant to Rule 220(b), SCACR.

We hold the ALC did not err in dismissing Fields's wage deduction appeal because the settlement agreement between SCDC and Fields unambiguously applied to his wage deduction case. *See Buchanan v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 442 S.C. 393, 401, 899 S.E.2d 600, 605 (Ct. App. 2023) (stating that this court may reverse or modify the decision of the ALC "only if substantive rights of the appellant have been prejudiced because the decision is clearly erroneous in light of the reliable and substantial evidence on the whole record, arbitrary or otherwise characterized by an abuse of discretion, or affected by other error of law"); *Geohaghan v. S.C. Dep't of Emp. & Workforce*, 439 S.C. 14, 28, 885 S.E.2d 422, 429 (Ct. App. 2023) ("In determining whether the ALC's decision was supported by substantial evidence, this court need only find that, upon looking at the entire record on appeal, there is evidence from which reasonable minds could reach the same conclusion that the ALC reached." (quoting *Engaging & Guarding Laurens Cnty.'s Env't (EAGLE) v. S.C. Dep't of Health & Env't Control*, 407 S.C. 334, 342, 755 S.E.2d 444, 448 (2014))); *Hook v. S.C. Dep't of Health & Env't Control*, 439 S.C. 52, 73, 885 S.E.2d 442, 453 (Ct. App. 2023) ("In South Carolina jurisprudence, settlement agreements are viewed as contracts." (quoting *Abel v. S.C. Dep't of Health & Env't Control*, 419 S.C. 434, 438, 798 S.E.2d 445, 447 (Ct. App. 2017))); *ESA Servs., LLC v. S.C. Dep't of Revenue*, 392 S.C. 11, 20, 707 S.E.2d 431, 436 (Ct. App. 2011) ("When a contract or agreement is clear and capable of legal construction, the court's only function is to interpret its lawful meaning and the intent of the parties as found within the agreement."); *Blackbaud, Inc. v. S.C. Dep't of Revenue*, 386 S.C. 446, 451, 688 S.E.2d 150, 152 (Ct. App. 2010) ("A contract is ambiguous when it is capable of more than one meaning or when its meaning is unclear."); *Abel*, 419 S.C. at 441, 798 S.E.2d at 448 ("To discover the intention of a contract, the court must first look to its language—if the language is perfectly plain and capable of legal construction, it alone determines the document's force and effect." (quoting *Ecclesiastes Prod. Ministries v. Outparcel Assocs., LLC*, 374 S.C. 483, 498, 649 S.E.2d 494, 501 (Ct. App. 2007))).[1]

**AFFIRMED.**[2]

---

[1] Fields also argues the ALC erred in stating it was not authorized to grant equitable relief. Because we hold the evidence showed Fields was not entitled to the modification of the settlement agreement, we decline to address this argument. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues when resolution of a prior issue is dispositive).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**